UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C12-2265JLR<br><br>ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) |

## I. INTRODUCTION

Before the court is Plaintiff Trident Seafoods Corporation's ("Trident") motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). (*See* Mot. (Dkt. # 43).) Having reviewed the motion, all submissions filed regarding the motion, the balance of the record, and the applicable law, and considering itself fully advised, the court GRANTS Trident's motion (Dkt. # 43).

//

ORDER- 1

## II.   BACKGROUND

Trident sued ACE American Insurance Company ("ACE") after ACE denied coverage of Trident's claim tendered against a products-liability policy it purchased from ACE.  (*See* Compl. (Dkt. # 3) ¶ 15.)  Trident's insurance claim resulted from a settlement it reached with Matsuura Suisan Co. ("Matsuura") after Trident sold Matsuura contaminated fish oil.  (*See* Compl. (Dkt. # 3) ¶¶ 8-14, 16-21.)  Trident brings claims against ACE for (1) breach of contract; (2) breach of the duty of good faith; (3) violation of Washington's Consumer Protection Act; (4) violation of Washington's Insurance Fair Conduct Act; (5) contribution for amounts paid by Trident's other insurers; and (6) declaratory judgment.  (*Id.* ¶¶ 22-49.)

ACE moved for summary judgment on Trident's breach of contract claim.  (*See* SJ Mot. (Dkt. # 24) at 6-13.)  The court granted ACE's motion.  (*See* Order (Dkt. # 42).)  Trident now moves for entry of final judgment on its breach of contract claim pursuant to Federal Rule of Civil Procedure 54(b).  (*See* Mot. (Dkt. # 43).)  ACE has not responded to the motion.  (*See* Reply (Dkt. # 46).)

## III.   ANALYSIS

The Federal Rules of Civil Procedure provide that:

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 877 (9th Cir. 2005) (quoting Fed. R. Civ. P. 54(b)).  When reviewing a Rule 54(b) motion, a district court "should not direct entry of

judgment . . . unless it has made specific findings setting forth the reasons for its order." *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (quoting *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)) (internal quotation marks omitted). District courts undertake a two-step process when applying Rule 54(b). *See id.* at 878 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

First, a district court must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright*, 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also Wood*, 422 F.3d at 878. In determining finality, courts "evaluate 'such factors as the interrelationship of the claims so as to prevent piecemeal appeals.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989)).

There is no question that the court's order granting summary judgment of Trident's breach of contract claim was a final judgment. A breach of contract claim is a cognizable claim for relief. *See Hamilton v. Thompson*, No. C 09-00648 CW PR, 2011 WL 2580659, at *1-2 (N.D. Cal. June 29, 2011); *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, No. CIV.A. 4:09CV-94-M, 2010 WL 1929910, at *3 (W.D. Ky. May 12, 2010) ("Here, the Court in granting summary judgment would be making a decision upon a cognizable claim for relief—breach of contract."). Furthermore, Trident's breach of contract claim is not interrelated with its remaining claims because the court's resolution

of Trident's bad faith and extra-contractual claims would not alter the court's ruling on the breach of contract claim. *See AmerisourceBergen*, 465 F.3d at 954 (determining that claims are not interrelated when "any subsequent judgments in [a] case w[ill] not [alter the] judgment on" the claim upon which final judgment is sought). Thus, the court's ruling that "ACE convincingly demonstrate[d] [that] the watercraft exclusion in the insurance policy precludes coverage of Trident's claim as a matter of law" (Order at 5) is the ultimate disposition of the breach of contract claim in the current proceeding and, as such, is a final judgment.

Second, a district court "must determine whether there is any just reason for delay." *Wood*, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (quoting *Mackey*, 351 U.S. at 437). "This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Mackey*, 351 U.S. at 437). The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)). This approach includes the "effort to streamline litigation by narrowing the issues for trial, [thus] 'efficiently separat[ing] the legal from the factual questions.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (quoting *Goodyear*, 819 F.2d at 1525).

//

//

The court agrees with Trident that "there is no just reason for delay" (Mot. at 4), and ACE has not provided any argument in opposition (*see* Reply at 1). Moreover, entry of final judgment on Trident's breach of contract claim serves the interest of judicial economy. As previously stated, Trident's breach of contract claim is a discrete question of law dependent on a narrow set of facts and, as such, it is severable from Trident's remaining claims. The remaining claims depend on an additional set of facts, which require additional discovery. (*See* 4/9/13 Min. Entry (Dkt. # 20) (staying discovery on bad faith and extra-contractual claims to allow defense to file a dispositive motion on the contract claim).) However, as this court previously recognized, the contract claim is the crux of the parties' dispute. (*See* Mot. at 4 ("[A]t oral argument on ACE's motion to stay discovery on Trident's bad faith and extra-contractual claims, th[e] Court [sic] characterized Trident's bad faith and extra-contractual claims as 'noise.'").) And although the contract claim can be decided independent of the other claims, the remaining claims hinge to some extent on the disposition of the contract claim.[1] As such, the court finds that permitting Trident to appeal the court's ruling on the contract claim at this stage would streamline the litigation and, ultimately, may even render addressing the remaining claims unnecessary. Therefore, in the interests of judicial economy, the court will enter final judgment on Trident's breach of contract claim.

---

[1] For example, regarding Trident's bad faith claim, if the insurance policy is found not to cover the Matsuura settlement, then Trident cannot receive the benefit of a presumption of harm or the remedy of coverage by estoppel. *See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 666 (Wash. 2008).

IV. CONCLUSION

Based on the foregoing, the court GRANTS Trident's motion for entry of final judgment on its breach of contract claim against ACE pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. # 43). Accordingly, the court DIRECTS that its August 2, 2013, order granting summary judgment with respect to Trident's breach of contract claim against ACE (Dkt. # 42) be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b), and that Trident's remaining claims be STAYED until resolution of any appeal.

Dated this 30th day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 6